FEIST & FEIST, INCORPORATED, A CORPORATION, PLAIN-
TIFF-RESPONDENT, v. WILLIAM P. HURLEY, DEFEND-
ANT-APPELLANT.

Argued January 19, 1938—Decided August 11, 1938.

Before Justices Case and Donges.

For the plaintiff-respondent, *Schotland, Harrison & Schotland* (*Philip J. Schotland*).

For the defendant-appellant, *Harry Unger*.

The opinion of the court was delivered by

Case, J.   Defendant appeals from a judgment in the amount of $300 rendered in the First District Court of the

city of Newark by the judge thereof sitting without a jury on a *quantum meruit* claim for services rendered before the State Tax Board in a successful proceeding to reduce an assessment. There was testimony to support a finding on *quantum meruit*. Defendant testified that he had employed plaintiff without anything being said as to price and the plaintiff's witness testified as to the reasonable value of the services rendered. The first count in the state of demand grounded in an alleged express contract for a fee on a contingency basis, but that count was abandoned at the trial.

Defendant's first point on the appeal is that an agreement for such a service on a contingency basis is void because against public policy, citing *Weehawken Realty Co.* v. *Hass,* 13 *N. J. Mis. R.* 231. However, the judgment is not upon such an agreement.

It is next asserted by the defendant that the trial court erred in allowing the plaintiff to amend by adding a *quantum meruit* count representing the same services as those sued for on the first count. We think that the court did not err. Suing on a count does not determine the facts to be as pleaded therein. The court was at liberty to believe the defendant's testimony that there was no agreement, either by way of contingency or otherwise, as to the amount of compensation; that being so, it was lawful for the judge to permit the state of demand to be so amended as to state a cause of action to which that testimony would be pertinent.

Defendant concludes his argument on the appeal by contending that the court should have directed a verdict in favor of the defendant, and the contention appears to rest upon evidence that a client of defendant and not defendant himself owned the assessed property. Regardless of who owned the property, it was lawful that the defendant should, as he testified he did, employ the plaintiff. The following testimony by defendant Hurley is pertinent: "*A.* I retained Mr. Lowenstein to testify as an expert as to the actual value of the property at 192 Market street. *Q.* And you made no agreement whatsoever as to price? *A.* Absolutely none. *Q.* And you expected to pay him the reasonable value of his services?

*A.* Yes sir." Joseph Lowenstein was the person of Feist & Feist, Inc., who performed the services sued upon. We find no error.

The judgment below is affirmed, with costs.